In the Matter of FRANKLIN A. CARNEY, Petitioner, against NEW YORK STATE DEPARTMENT OF CORRECTION, by WALTER B. MARTIN, as Warden of Attica Prison, Respondent.

Supreme Court, Special Term, Wyoming County, November 2, 1950.

*Franklin A. Carney,* petitioner in person.

*Nathaniel L. Goldstein, Attorney-General (Emil L. Cohen* of counsel), for respondent.

VANDERMEULEN, J. On the 11th day of February, 1931, the petitioner was sentenced by the Bronx County Court to serve an indeterminate term of from fifteen to twenty years in prison, with a jail credit allowance of forty-one days. On September 21, 1939, the petitioner was released on parole. He was declared delinquent on April 9, 1941.

On September 17, 1941, he was arrested by the police department of the city of Tucson, Arizona, upon request of the Division of Parole of the State of New York, by reason of the alleged violation of parole by the petitioner. He was released but subsequently arrested on September 21, 1941. On September 24, 1941, the police department was advised that the petitioner was wanted in Miami, Florida, for a crime committed in that State, and later directed by the State Division of Parole to return petitioner to Miami for prosecution. Petitioner was tried in the United States District Court and sentenced to serve twenty-one months in a Federal prison for violation of the Dyer Act (U. S. Code, tit. 18, § 408).

The petitioner now seeks credit for the period between September 24, 1941, and May 1, 1943, or one year, seven months and ten days, and claims that this period should be deducted from petitioner's maximum term which, if deducted, would expire March 15, 1953, instead of October 28, 1954. The herein mentioned period was the time spent in Federal prison by virtue of petitioner's conviction in the United States District Court in the State of Florida.

If this court were to grant the relief sought by petitioner, it would, in effect, nullify the punishment imposed by the United States court for the crime committed in the State of Florida and hereinabove described, for the delinquent parolee would, in effect, be serving out part of the sentence of the New York court in a penal institution outside of the State of New York.

The prayer of the petitioner is denied.